Bannister *v.* Roberts.

---

BANNISTER *versus* ROBERTS.

| 35 | 75 |
|----|-----|
| 90 | 210 |
| 35 | 75 |
| 91 | 346 |

Upon a note for money payable at a future pay-day, whether in an entire sum or by installments, "*with interest to be paid annually*," the interest which may have accrued in any year, may be recovered, if sued for before the pay-day of the principal.

In a suit brought upon a note payable by installments with interest annually, and declaring for the principal and interest, no interest upon interest is recoverable, unless the suit be commenced before the pay-day of the last installment.

ON FACTS AGREED.

ASSUMPSIT on a note promising to pay $2250, in three equal annual payments, *with interest to be paid annually*.

At the end of the first year, the installment which then became payable with interest upon it, was paid. At the same

time, the interest for one year on the other two installments was demanded and refused. At the end of the second year the installment which then became payable with simple interest upon it for two years was paid, and an indorsement was made upon the note of the receipt of " $840, for the principal and interest for two years, of second installment." At the same time the interest due for the two years on the last installment was demanded and refused. After those payments were made, and before the last installment became payable, this suit was brought to recover the annual interests.

A nonsuit or default is to be entered, according to the legal rights of the parties.

*J. & M. L. Appleton,* for the plaintiff.

*J. A. Peters,* for the defendant.

1. The defendant's construction is, that he was to pay interest annually, only on the sums becoming payable annually. He contends for a difference between this case and one where the *whole sum* is payable on time, " with interest annually." The argument is, that where interest is " payable annually," and also a part of the principal; interest annually is limited to the amount due annually as principal.

2. The receipt of the second installment, with interest upon it for two years, taken in connection with the indorsement of it on the note, is a waiver of interest on the first years interest of said second installment.

SHEPLEY, C. J. — The question presented in this case has reference only to the interest recoverable. The suit was commenced after the first and second installments had been paid with interest, and before the third installment had become payable.

When a note is made payable with interest annually, whether by installments or not, the interest accruing before the whole of the principal becomes payable may be collected, if a suit be commenced to recover it before the whole of the principal becomes payable.

If no suit be commenced for that purpose until after that

time, interest upon the interest, not paid from the time when it should have been paid, cannot be recovered in a suit for the principal and interest due upon the note. *Hastings* v. *Wiswell*, 8 Mass. 455; *Doe* v. *Warren*, 7 Greenl. 48; *Wilcox* v. *Howland*, 23 Pick. 167.

When the first and second installments were paid with interest on them, the defendant did not pay the interest on the installments or installment not then payable; and he insists, that upon a correct construction of the language used in the note, he was not required to do it; and that the words " with interest to be paid annually," have reference only to each particular installment requiring it to be paid with interest annually.

This construction supposes the intention of the parties as exhibited by the note to have been, that each installment should be paid annually with the interest accrued upon it. It would leave the words " to be paid annually," wholly inoperative; for the language before used provided, that the amount should be paid " in three equal annual payments with interest." The words " to be paid annually," must therefore be considered applicable to the interest on the whole sum requiring it to be paid annually.

It is also insisted, that the reception of the interest on the two first installments operated as a waiver of any claim to have the interest paid on the installment not then payable. The case, however, states, that the annual interest was demanded and refused each year as it became payable. The indorsements only state, that the installments as they became payable, were paid with interest on them to that time.

*Defendant defaulted.*

WELLS, HOWARD and RICE, J. J., concurred.